UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : Case No. CR 07-129ML
:
GERARD M. MARTINEAU :

**STIPULATION**

The Defendant, Gerard M. Martineau (hereafter referred to as "Martineau" or "the Defendant"), and the United States of America (hereafter referred to as "the Government"), stipulate and agree to the following:

1. On November 2, 2007, the Defendant appeared before the Honorable Judge Mary M. Lisi, in the U. S. District Court for the District of Rhode Island and entered a plea of Guilty to two counts of Honest Services Mail Fraud, in violation of 18 U.S.C. 1341 and 1346.

2. At that time, the Defendant was advised that pursuant to his plea agreement, specifically paragraph number 8 on page 5, and by statute (18 U.S.C. 1341 and 1346), the maximum penalty he faced on each count was imprisonment for five years; a fine of $250,000 or twice the gross gain or loss, whichever is greater; a term of supervised release of three years; and a mandatory special assessment of $100.

3. While the bulk of the facts alleged by the Government in the Information occurred between 1998 through 2001, some of the alleged conduct occurred in late 2002 and early 2003.

4. On July 30, 2002, 18 U.S.C. 1341 (see PL 107-204, July 30, 2002, 116 Stat 745) was amended by striking the number "five" and substituting therefore the number "20," thereby increasing the maximum penalty for a violation of 18 U.S.C. 1341 from five years to twenty

years. The remaining maximum penalty for a violation of 18 U.S. C. 1341 was not changed and therefore the maximum sentence for a violation of 18 U.S.C. 1341 as of July 30, 2002 was, and is, up to twenty years imprisonment; a fine of $250,000 or twice the gross gain or the loss, whichever is greater, a term of supervised release of three years; and a mandatory special assessment of $100.

5. Therefore, the maximum penalty on each count in the Information the Defendant has pled guilty to is twenty years' imprisonment; a fine of $250,000 or twice the gross amount of the gain or loss, whichever is greater; a term of supervised release of three years; and a mandatory special assessment of $100.

6. That if the Court were to find it appropriate to sentence the Defendant consecutively on each count, the maximum penalty that could be imposed could be forty years imprisonment; a fine of $500,000 or twice the gross amount of the gain or loss, whichever is greater; supervised release for six years; and a mandatory special assessments of $200.

7. That the Defendant and the Government have agreed, and still agree, that the U.S. Sentencing Guidelines range for the two counts the Defendant has pled guilty to is estimated to be between 37 to 46 months imprisonment.

8. That the Defendant and the Government have agreed that this is an estimate and both parties understand that ultimately the Court will determine the appropriate Guideline range and if it is higher than anticipated, the Defendant will have no right to withdraw his guilty plea.

9. That if the Defendant is sentenced within the guideline range of 37 to 46 months he is giving up any right that he may have to appeal the sentence of the Court.

10. That the Government has agreed to recommend a sentence to the Court of the lowest term of imprisonment from within the Guideline range of sentences as ultimately determined by the Court.

11. The Defendant wishes to maintain his plea of Guilty to the two counts in the Information.

12. The Defendant has sought and received the advice of counsel in making this decision and it is his own free and voluntary decision made without coercion of any nature whatsoever.

13. With the exception of the correction to the maximum potential sentence for a violation of 18 U.S.C. 1341 and 1346, the Defendant and the Government reaffirm the provisions of the Plea Agreement entered into on October 4, 2007 and explained to the Defendant by the Court on November 2d, 2007.

14. The Defendant has read and reviewed a transcript of the Change of Plea hearing of November 2, 2007 prepared by Karen M. Wishnowsky RPR-RMR-CRR and, with the exception of the correction of the maximum term of potential imprisonment, (which occurred due to the July 30, 2002 amendment to 18 U.S.C. 1341), the Defendant understands and reaffirms his plea of guilty and the terms of his Plea Agreement and the rights he has waived in pleading guilty, all as stated in that transcript of the November 2, 2007 session of the U.S. District Court for the District of Rhode Island.

Stipulated and agreed this 22nd day of ~~December, 2007~~ January, 2008.

Gerard B. Sullivan, Assistant U.S Attorney
For the United States of America

Daniel A. Petalas
Trial Attorney, Public Integrity Section
Criminal Division, US Department of Justice

Gerard M. Martineau, Defendant

William P. Devereaux, Esq. as attorney
For the Defendant

James E. O'Neil, Esq. as attorney
For the Defendant

#7709