# B

# TITLE 36
# Public Officers and Employees

## CHAPTER 36-14
## Code of Ethics

### SECTION 36-14-4

§ **36-14-4 Persons subject to the code of ethics.** – The following persons shall be subject to the provisions of the Rhode Island code of ethics in government:

(1) State and municipal elected officials;

(2) State and municipal appointed officials; and

(3) Employees of state and local government, boards, commissions, and agencies.

# TITLE 36
# Public Officers and Employees

## CHAPTER 36-14
## Code of Ethics

### SECTION 36-14-5

**§ 36-14-5 Prohibited activities. –** (a) No person subject to this code of ethics shall have any interest, financial or otherwise, direct or indirect, or engage in any business, employment, transaction, or professional activity, or incur any obligation of any nature, which is in substantial conflict with the proper discharge of his or her duties or employment in the public interest and of his or her responsibilities as prescribed in the laws of this state, as defined in § 36-14-7.

(b) No person subject to this code of ethics shall accept other employment which will either impair his or her independence of judgment as to his or her official duties or employment or require him or her, or induce him or her, to disclose confidential information acquired by him or her in the course of and by reason of his or her official duties.

(c) No person subject to this code of ethics shall willfully and knowingly disclose, for pecuniary gain, to any other person, confidential information acquired by him or her in the course of and by reason of his or her official duties or employment or use any information for the purpose of pecuniary gain.

(d) No person subject to this code of ethics shall use in any way his or her public office or confidential information received through his or her holding any public office to obtain financial gain, other than that provided by law, for him or herself or any person within his or her family, any business associate, or any business by which the person is employed or which the person represents.

(e) No person subject to this code of ethics shall:

(1) Represent him or herself before any state or municipal agency of which he or she is a member or by which he or she is employed. In cases of hardship, the ethics commission may permit such representation upon application by the official provided that he or she shall first:

(i) Advise the state or municipal agency in writing of the existence and the nature of his or her interest in the matter at issue;

(ii) Recuse him or herself from voting on or otherwise participating in the agency's consideration and disposition of the matter at issue; and

(iii) Follow any other recommendations the ethics commission may make to avoid any appearance of impropriety in the matter.

(2) Represent any other person before any state or municipal agency of which he or she is a member or by which he or she is employed.

(3) Act as an expert witness before any state or municipal agency of which he or she is a member or by which he or she is employed with respect to any matter the agency's disposition of which will or can reasonably be expected to directly result in an economic benefit or detriment to him or herself, or any person within his or her family, or any business associate of the person, or any business by which that person is employed or which the person represents.

(4) Shall engage in any of the activities prohibited by subsection (e)(1), (e)(2), or (e)(3) of this section for a period of one year after he or she has officially severed his or her position with said state or municipal agency; provided, however, that this prohibition shall not pertain to a matter of public record in a court of law.

(f) No business associate of any person subject to this code of ethics shall represent him or herself or any other person, or act as an expert witness before the state or municipal agency of which the person is a member or by which the person is employed unless:

(1) He or she shall first advise the state or municipal agency of the nature of his or her business relationship with the person subject to this code of ethics; and

(2) The person subject to this code of ethics shall recuse him or herself from voting on or otherwise participating in the agency's consideration and disposition of the matter at issue.

(g) No person subject to this code of ethics, or spouse (if not estranged), dependent child, or business associate of the person, or any business by which the person is employed or which the person represents, shall solicit or accept any gift, loan, political contribution, reward, or promise of future employment based on any understanding that the vote, official action, or judgment of the person would be influenced thereby.

(h) No person subject to this code of ethics, or any person within his or her family or business associate of the person, or any business entity in which the person or any person within his or her family or business associate of the person has a ten percent (10%) or greater equity interest or five thousand dollars ($5,000) or greater cash value interest, shall enter into any contract with any state or municipal agency unless the contract has been awarded through an open and public process, including prior public notice and subsequent public disclosure of all proposals considered and contracts awarded; provided, however, that contracts for professional services which have been customarily awarded without competitive bidding shall not be subject to competitive bidding if awarded through a process of

public notice and disclosure of financial details.

(i) No person shall give or offer to any person covered by this code of ethics, or to any candidate for public office, or to any person within his or her family or business associate of any person, or to any business by which the person is employed or which the person represents, any gift, loan, political contribution, reward, or promise of future employment based on any understanding or expectation that the vote, official action, or judgment of the person would be influenced thereby.

(j) No person shall use for any commercial purpose information copied from any statements required by this chapter or from lists compiled from the statements.

(k) No person shall knowingly and willfully make a false or frivolous complaint under this chapter.

(l) No candidate for public office, or any person within his or her family, business associate of the candidate, or any business by which the candidate is employed or which the candidate represents, shall solicit or accept any gift, loan, political contribution, reward, or promise of future employment based on any understanding that the vote, official action, or judgment of the candidate would be influenced thereby.

(m) No person subject to this code of ethics shall, either directly or indirectly, through any government agency, or through a business associate, or through any other person, threaten or intimidate any complainant or witness or any family member of any complainant or witness in any proceeding before the state ethics commission.

(1) In addition to any rights a complainant or witness may have under the Rhode Island Whistleblowers' Protection Act, chapter 50 of title 28 or under any other statute, a complainant or witness may bring a civil action in superior court for appropriate injunctive relief, or actual damages, or both and attorney's fees within three (3) years after the occurrence of the alleged violation of subsection (m) above.

(2) The initiation of litigation by a complainant or witness pursuant to subsection (m)(1) shall not constitute a violation of any confidentiality provisions of this chapter.

(n) No state elected official, while holding state office and for a period of one year after leaving state office, shall seek or accept employment with any other state agency, as defined in § 36-14-2(8)(i), other than employment which was held at the time of the official's election or at the time of enactment of this subsection, except as provided herein.

(2) Nothing contained herein shall prohibit any general officer or the general assembly from appointing any state elected official to a senior policy-making, discretionary, or confidential position on the general officer's or the general assembly's staff, and in the case of the governor, to a position as a department director; nor shall the provisions herein prohibit any state elected official from seeking or accepting a senior policy-making, discretionary, or confidential position on any general officer's or the general assembly's staff, or from seeking or accepting appointment as a department director by the governor.

(3) Nothing contained herein shall prohibit a state elected official from seeking or being elected for any other constitutional office.

(4) Nothing contained herein shall prohibit the Rhode Island ethics commission from authorizing exceptions to this subsection where such exemption would not create an appearance of impropriety.

(o) No person holding a senior policy-making, discretionary, or confidential position on the staff of any state elected official or the general assembly shall seek or accept any other employment by any state agency as defined in § 36-14-2(8)(i), while serving as such policy-making, discretionary, or confidential staff member and for a period of one year after leaving that state employment as a member of the state elected official's or the general assembly's senior policy-making, discretionary, or confidential staff.

(2) Notwithstanding the foregoing, a person holding a senior policy-making, discretionary, or confidential staff position who has a minimum of five (5) years of uninterrupted state service shall be exempt from the provisions of this section. "State service" as used herein means service in the classified, unclassified and nonclassified services of the state, but shall not include service in any state elective office.

(3) Nothing contained herein shall prohibit any general officer or the general assembly from appointing any such senior policy-making, discretionary, or confidential member of the staff of any state elected official or the general assembly to any other senior policymaking, discretionary, or confidential position on any general officer's or the general assembly's staff, and in the case of the governor, to a position as a department director; nor shall the provisions hereof prohibit any senior policy-making, discretionary, or confidential member of the staff of any state elected official or the general assembly from seeking or accepting any other senior policy-making, discretionary, or confidential position on any general officer's or the general assembly's staff, or from seeking or accepting appointment as a department director by the governor.

(4) Nothing contained herein shall prohibit a person holding a senior policy-making, discretionary, or confidential staff position from seeking or being elected for any constitutional office.

(5) Nothing contained herein shall prohibit the Rhode Island ethics commission from authorizing exceptions to this subsection where such exemption would not create an appearance of impropriety.

# TITLE 36
# Public Officers and Employees

## CHAPTER 36-14
## Code of Ethics

### SECTION 36-14-6

**§ 36-14-6 Statement of conflict of interest. –** Any person subject to this code of ethics who, in the discharge of his or her official duties, is or may be required to take an action, make a decision, or refrain therefrom that will or can reasonably be expected to directly result in an economic benefit to the person, or spouse (if not estranged), or any dependent child of the person, or business associate or any business by which the person is employed or which the person represents, shall, before taking any such action or refraining therefrom:

(1) Prepare a written statement sworn to under the penalties for perjury describing the matter requiring action and the nature of the potential conflict; if he or she is a member of a legislative body and he or she does not request that he or she be excused from voting, deliberating, or taking action on the matter, the statement shall state why, despite the potential conflict, he or she is able to vote and otherwise participate fairly, objectively, and in the public interest; and

(2) Deliver a copy of the statement to the commission, and:

(i) If he or she is a member of the general assembly or of any city or town legislative body, he or she shall deliver a copy of the statement to the presiding officer of the body, who shall cause the statement to be recorded in the journal of the body and, upon request of the member, may excuse the member from votes, deliberations, or any other action on the matter on which a potential conflict exists; or

(ii) If the person is not a legislator, his or her superior, if any, shall, if reasonably possible, assign the matter to another person who does not have a conflict of interest. If he or she has no immediate superior, he or she shall take such steps as the commission shall prescribe through rules or regulations to remove him or herself from influence over any action on the matter on which the conflict of interest exists.

# TITLE 36
# Public Officers and Employees

## CHAPTER 36-14
## Code of Ethics

### SECTION 36-14-7

§ **36-14-7 Interest in conflict with discharge of duties. –** (a) A person subject to this code of ethics has an interest which is in substantial conflict with the proper discharge of his or her duties or employment in the public interest and of his or her responsibilities as prescribed in the laws of this state, if he or she has reason to believe or expect that he or she or any person within his or her family or any business associate, or any business by which the person is employed or which the person represents will derive a direct monetary gain or suffer a direct monetary loss, as the case may be, by reason of his or her official activity.

(b) A person subject to this code of ethics does not have an interest which is in substantial conflict with the proper discharge of his or her duties in the public interest and of his or her responsibilities as prescribed by the laws of this state, if any benefit or detriment accrues to him or her or any person within his or her family or any business associate, or any business by which the person is employed or which the person represents, as a member of a business, profession, occupation, or group, or of any significant and definable class of persons within the business, profession, occupation, or group, to no greater extent than any other similarly situated member of the business, profession, occupation, or group, or of the significant and definable class of persons within the business, profession, occupation or group.