**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. No: 07-129MML |
| | ) | |
| GERARD M. MARTINEAU | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S FACTUAL OBJECTIONS

The defendant, Gerard Martineau ("Martineau"), filed objections to the Pre-Sentence Report ("PSR") which included two objections to facts alleged in the Prosecution Version published in paragraph 8, pages 2-8 of the PSR. The United States Probation Department has adequately responded to objections to the PSR leaving the United States Attorney to answer factual objections. The government responds accordingly.

Martineau's first objection is to the assertion found in paragraph 8 at page 3 that, as Majority Leader, he had the power to appoint standing committees. The objection is valid. Upon review of the House Rules, the power was apparently held by the Speaker of the House in consultation with the *Minority Leader*. The correction has no effect on guilt or sentence.

Martineau's second objection concerns the year in which he began doing business with CVS under the name The Upland Group. Martineau complains that the sentence found in paragraph 8 at page 6 is inaccurate. The sentence reads, "In 1999, after he created The Upland Group, Martineau started doing business directly with CVS, not as a salesman for an established company, but as the sole owner and only employee of The Upland Group." Martineau suggests that the year should be 1997, not 1999.

Martineau is only partially correct because, as a summary of the facts, the sentence is not a model of clarity. Martineau did create the Upland Group in or around 1997 and that company did initially service CVS contracts that were negotiated while he was working for his former employer. As provided in the sentence that follows, after he created The Upland Group, "Martineau received business solicitations and submitted proposals to CVS during the 1999 legislative session while the House was debating legislation of financial importance to CVS. . ." That legislation included the controversial Any Willing Provider, or Freedom of Choice, legislation.

To make it perfectly clear, during his entire time in office, Martineau had a business relationship with CVS. (See: ft. nt. 2 at p.6) In fact, that relationship predated his time in office. Martineau derived commission income from his sales to CVS, through his work for his previous employer, until that company was sold and Martineau went into business for himself. Answering bid solicitations by submitting proposals to clients, including CVS, were part of Martineau's regular duties. In or around 1997 Martineau created the Upland Group. He initially serviced contracts that were already in place with CVS and he continued to receive commission income on those contracts.

Through all of this period, Martineau never disclosed in any public forum that his client, as opposed to his employer, was CVS, even though his sales to CVS ultimately determined a portion of his income and CVS had legislation of financial consequence to the company pending before the House. However, the United States did not include that commission income in the calculation of financial gain that was stipulated to by the parties, in the context of a Plea Agreement, because the income was only indirectly derived from sales to CVS and Martineau

had a history with the company that predated his election to public office.

The significance of 1999 is that, in that year, CVS directly solicited Martineau and Martineau personally submitted proposals as the sole owner and only employee of The Upland Group. Those CVS solicitations to Martineau were generated by the company at a time when Freedom of Choice legislation was the subject of significant debate. In 1999, CVS also had other matters of consequence to the company pending before the House. The United States stipulated to an amount of financial gain to Martineau from that point in time because that is when he clearly began directly doing business with CVS, not as a salesman for an established company, but under the d.b.a. "The Upland Group."

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ GERARD B. SULLIVAN
GERARD B. SULLIVAN
Assistant U.S.Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000 - phone
(401) 709-5001 - fax
Gerard.Sullivan@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of February, 2008, I caused the Government's Response to Defendant's Factual Objections to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

James O'Neil, Esq.
The Meadows, Suite A-103
1130 Ten Rod Road
North Kingstown, RI 02852

William P. Devereaux, Esq.
1800 Financial Plaza
Providence, RI 02903

/s/ GERARD B. SULLIVAN
GERARD B. SULLIVAN
Assistant U.S. Attorney