UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : Case No. CR 07-129ML
:
GERARD M. MARTINEAU :

**MOTION FOR CONSIDERATION OF SENTENCE OUTSIDE THE GUIDELINE RANGE**

Pursuant to L.R. Cr. 32, defendant, Gerard M. Martineau, hereby respectfully moves for the Court to consider a sentence outside of the applicable guideline range.

The defendant respectfully incorporates the arguments made in the pre-sentence memorandum (particularly pgs. 24-34) previously filed with this Court on February 14, 2008 as grounds for this motion.

Respectfully submitted,

**PANNONE LOPES & DEVEREAUX LLP**

/s/ William P. Devereaux
William P. Devereaux (#2241)
317 Iron Horse Way, Suite 301
Providence, RI 02908
Tel.: (401) 824-5100
Fax: (401) 824-5123
wdevereaux@pldlaw.com

**CERTIFICATON**

I hereby certify on this 21st day of February, 2008, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record.

Gerald B. Sullivan
U.S. Attorney's Office
50 Kennedy Plaza
8th Floor
Providence, RI 02903
gerard.sullivan@usdoj.gov

/s/ William P. Devereaux

#8595

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. CR 07-129ML |
| | : | |
| GERARD M. MARTINEAU | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSIDERATION OF SENTENCE OUTSIDE THE GUIDELINE RANGE**

The Supreme Court's ruling in *U.S. v. Booker*, 543 U.S. 220 (2005) provides federal judges with discretion in sentencing offenders by not requiring them to strictly adhere to the U.S. Sentencing Guidelines (USSG); rather the guidelines can be used by judges on an advisory basis. See CRS Report for Congress (June 30, 2007) citing 18 U.S.C. §3553(a) and *U.S. v. Booker*, supra.

In *Rita v. United States*, 2007 WL 1772146 (2007) the Supreme Court indicated that a sentencing judge, after determining the guideline range, may decide that the guideline sentence,

> "should not apply, perhaps because 'as the guidelines themselves foresee' the case at hand falls outside the 'heartland' to which the commission intends individual guidelines to apply, USSG §5k2.0, perhaps because the guidelines sentence itself fails to properly reflect §3553(a) considerations, or perhaps the case warrants a different sentence regardless. See Rule 32(f). Thus, the sentencing court subjects the defendant's sentence to the thorough adversarial testing contemplated by federal sentencing procedure. Id. at 9

As such, the *Rita* court affirmed the broad sentencing discretion district court judges possess under *Booker* and reiterated that they may impose non-guideline sentences by departing or applying the factors listed in §3553(a). However, the court also stressed the importance of providing reasons for the sentencing decision. Id. at 12.

Therefore, counsel respectfully asks the Court to consider a sentence below the guideline calculation in this case based on the factors outlined in 18 U.S.C. §3553(a). Counsel incorporates the

arguments outlined in the pre-sentence memorandum previously supplied to this Court and respectfully requests the Court to consider oral argument on this matter.

Respectfully submitted,

**PANNONE LOPES & DEVEREAUX LLP**

/s/ William P. Devereaux
William P. Devereaux (#2241)
317 Iron Horse Way, Suite 301
Providence, RI 02908
Tel.: (401) 824-5100
Fax: (401) 824-5123
wdevereaux@pldlaw.com

**CERTIFICATON**

I hereby certify on this 21st day of February, 2008, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record.

Gerald B. Sullivan
U.S. Attorney's Office
50 Kennedy Plaza
8th Floor
Providence, RI 02903
gerard.sullivan@usdoj.gov

/s/ William P. Devereaux

#8600